but to avoid further complication, they pray that Mercer be made a party defendant and be enjoined from transferring the policy and from collecting any part of it so as in any way to embarrass plaintiffs' rights, and to finally decree as against Mercer the assignment of plaintiffs to have priority.

G. W. WARWICK, by C. B. WOOTEN, for plaintiffs.

---

SHEFFIELD *v.* OLIVER, judge.

Under section 299(f) of the code, a county solicitor is not entitled to any fee in a criminal case unless the same is actually tried. Consequently, where a warrant was sued out against one charged with a misdemeanor, which warrant was returned to the county court, and the solicitor thereupon prepared an accusation which the prosecutor in the warrant refused to sign, the latter was not liable to pay any costs to the solicitor, and the county judge was right in so adjudging.                    *Judgment affirmed.*

April 16, 1894. Argued at the last term.

Petition for *mandamus.* Before Judge GRIGGS. Early superior court. October term, 1893.

WILLIAM D. KIDDOO, for plaintiff. R. H. POWELL & SON and H. C. SHEFFIELD, for defendant.

---

DOBBINS *v.* BLANCHARD, HUMBER & COMPANY.

1. A joint note and mortgage being executed by husband and wife for a consideration in money afterwards to be advanced by a creditor, the wife is bound only to the extent of so much of the consideration as she afterwards received; and in order to charge her with advances made to her husband on drafts drawn and signed by him individually and not as agent for her, the creditor must show, not only that he was authorized to act as her agent, but that he so acted in drawing the drafts and receiving their proceeds, or else that the proceeds were actually used for her benefit in the business to which his agency related.

2. A power of attorney by which a wife appoints her husband to act for her, reciting that she has this day nominated and appointed and does by these presents nominate and appoint and authorize